UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHANTE M. HAYES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:10CV1422 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

Movant Chante Hayes seeks to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Hayes was originally sentenced by the Honorable Stephen N. Limbaugh Sr. to 51 months imprisonment following her conviction by a jury of one count of conspiracy to commit health care fraud and one count of making a false statement related to a health care benefit program. Criminal Case No. 4:05CR353.

Hayes appealed, and the Eighth Circuit Court of Appeals affirmed her conviction for conspiracy to commit health care fraud, but reversed her conviction for making a false statement. *United States v. Hayes*, 574 F.3d 560 (8th Cir. 2009). Additionally, the Eight Circuit reversed the district court's abuse-of-trust enhancement to Hayes' offense level and remanded for re-sentencing on the

conspiracy count without the enhancement. *Id.* at 484. On October 14, 2009, I resentenced Hayes to 41 months imprisonment. Hayes did not appeal.

In her § 2255 motion, Hayes alleges she received ineffective assistance of counsel in numerous respects. She also challenges the part of her sentence requiring her to pay restitution. All of Hayes' allegations are conclusively refuted by the record, however, so I will deny her motion without a hearing.

**Background**

On January 12, 2006, Hayes and six others were charged in a 22-count superseding indictment with one count of conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 371, 1035, 1347, and 2 (Count 1); and twelve counts of making a false statement relating to a health care benefit program in violation of 18 U.S.C. §§ 1035 and 2 (Counts 2-13). Only one defendant, Jacqueline Hayes (Chante's mother), was charged in Counts 14-22.

The superseding indictment came as a result of several agencies' investigation into three health care companies – VIP Home Services, Complete Care of America and International, and Watkins Loving Care Home Services. These companies were owned and operated by Jacqueline and several of her family members and friends, including movant Chante Hayes. As part of their employment with these three companies, Hayes and others provided in-home heath care services to purportedly eligible elderly and disabled clients in the St.

Louis area, and were reimbursed by Missouri Medicaid for their services. A multi-year investigation revealed, however, that the companies and their employees, including Hayes, were unlawfully reimbursed by Missouri Medicaid for services that were either not provided or were provided by unauthorized and unqualified persons.

Hayes pleaded not guilty to the indictment, and, through counsel, moved to dismiss all the charges against her for lack of jurisdiction and failure to state an offense. That motion was denied by Judge Limbaugh in November of 2006, and the case was set for trial. Over the course of the next year, several defendants pleaded guilty, and the trial was delayed several times. On January 28, 2008, the case proceeded to trial as to the only defendants who had not pleaded guilty, Chante Hayes and her aunt, Gwendolyn Silvers.

At trial, the government presented evidence that Hayes worked as a supervisor at Complete Care and was responsible for receiving time sheets and billing. Additionally, several former employees of the three companies testified at trial, including Ruth White Buchanan. Ruth worked at both VIP since 1998, and then came to work at Complete Care sometime thereafter. While working for VIP, Ruth provided in-home health services for her husband, even though she knew Missouri regulations prohibit personal care aides from being reimbursed for providing services to a spouse. In order to avoid this regulation, Ruth filled out all

her employee paperwork, including time sheets, using her maiden name, White. Before Ruth began work at Complete Care, Hayes brought her a Complete Care application to fill out, telling Ruth to fill it out using her maiden name. During her time with Complete Care, Ruth frequently turned in her time sheets with the name White to Hayes at Complete Care's offices.

Additionally, Hayes' great aunt, Earlean Hopson, testified that Hayes had directed her to sign time sheets for work Hopson never performed. Hayes would then pay Hopson in cash for this practice. The government submitted as exhibits time sheets bearing Hopson's signature for services performed for four clients, but Hopson testified that she had never performed services for three of the clients. She also testified that, although time sheets for the fourth client reflected almost six months of service, she had only visited him on two occasions.

The jury returned its verdict on February 5, 2008, finding Hayes guilty of one count of conspiracy to commit health care fraud and one count of making a false statement related to health care matters. The jury found her not guilty on the eleven remaining counts. A presentence report (PSR) was then prepared. The PSR determined that the Total Offense Level was 24, based on sentencing level enhancements for Hayes' supervisory role in the conspiracy and her abuse of a position of private trust. Hayes had no criminal history, so the guideline range for her sentence was imprisonment for 51 to 63 months. The PSR also determined

that the Missouri Medicaid Program suffered a total loss of $545,713, and recommended that Hayes make restitution payments to Missouri Medicaid.

On May 28, 2008, Judge Limbaugh considered arguments at a sentencing hearing, and adopted the PSR as the Court's findings of fact. Judge Limbaugh sentenced Hayes to 51 months imprisonment, or the lowest end of the advisory guidelines range, to be followed by 36 months supervised release. Hayes was also ordered to pay $545,713 in restitution jointly and severally with all co-defendants.

Hayes appealed her conviction and sentence, challenging the district court's denial of her: (1) motion to dismiss the superseding indictment; (2) *Batson* challenge; (3) objection to the deliberate ignorance jury instruction; (4) motion for judgment of acquittal; and (5) challenges to sentencing enhancements based on her supervisory role in the offense and her abuse of trust. *Hayes*, 574 F.3d at 464. On August 3, 2009, the Eighth Circuit Court of Appeals affirmed her conviction for one count of conspiracy to commit health care fraud, but reversed her conviction for one count of making a false statement.[1] *Id.* Additionally, the Eighth Circuit reversed the district court's entry of a two-level enhancement to Hayes' sentence for abusing a position of trust, concluding there were no facts in the record to

---

[1] At trial, the jury had found that Hayes and co-defendant Silvers were guilty of submitting a "Training Waiver Justification" form that falsely claimed that Ruth Buchanan had received the required training for her position. *See United States v. Hayes*, 574 F.3d 460, 476-77 (8th Cir. 2009). After reviewing the evidence, however, the Eighth Circuit concluded that there was no evidence that Hayes was involved in or had any knowledge of this form, which was signed and filled out by Silvers alone. *Id.* at 477-78.

justify this enhancement.  *Id.*  The court remanded the case for re-sentencing in light of its holding.  *Id.* at 484.

On remand, I resentenced Hayes to 41 months imprisonment, the lowest sentence under the advisory guideline range without the two-level enhancement for abusing a position of trust.  I did not order Hayes to pay a fine, finding that she was unable to pay one.  I did, however, order Hayes to pay restitution in the amount of $545,713 jointly and severally with all co-defendants.  Hayes did not appeal.  On August 3, 2010, Hayes filed this *pro se* motion to vacate, set aside, or correct her sentence under 18 U.S.C. § 2255.

## **Grounds Raised in § 2255 Motion and Related Filings**

In her motion for relief under 28 U.S.C. § 2255, Hayes raises four grounds for relief, but they essentially boil down to claims of ineffective assistance of counsel, and challenges to the part of her sentence requiring her to pay restitution.  With respect to her claims of ineffective assistance of counsel, Hayes raises several vague and conclusory allegations, including that counsel failed:

- to advocate for her;

- to investigate and mitigate the case against her;

- to challenge statements made by her co-defendants against her;

- to challenge the order of restitution; and

- to bring the district court's mistakes of law to its attention.

Second, Hayes contends that her restitution is unreasonable and lacks a sufficient evidentiary basis, and that I failed to consider her inability to pay it.

Hayes could have raised her challenges to restitution on direct appeal, but did not. Additionally, this claim was never raised at or before sentencing. A defendant may not use § 2255 to re-litigate claims that have already been considered on appeal, or to raise new claims that could have been raised on appeal but were not, absent a showing of cause and prejudice. *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000); *Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998); *Grady v. United States*, 44 Fed. Appx. 66, 67 (8th Cir. 2002); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). Hayes therefore cannot bring this claim as an independent claim that her rights were violated, as her failure to do so on appeal waives the claim. I will consider it, however, in the context of her claims of ineffective assistance of counsel.

**Evidentiary Hearing**

I note first that will not hold an evidentiary hearing on this motion. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [she] is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted). "No hearing is required,

however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citation omitted). As discussed in greater detail below, the record and files conclusively reveal that none of Hayes' contentions has merit.

## Ineffective Assistance of Counsel

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Hayes must prove two elements of the claim. First, she "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Hayes "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires her to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address

both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

As outlined above, Hayes first makes several vague and conclusory allegations of ineffective assistance of counsel. For example, she claims counsel "failed to advocate" for her and failed to "investigate, challenge and mitigate many assertions" made against her by her co-defendants. But Hayes never details exactly how counsel failed to advocate for her, or what defenses she thinks counsel should have made on her behalf. Nor does she identify any specific challenges to evidence or witness testimony that counsel failed to make at trial, or any particular statements by co-defendants that counsel should have moved to exclude. This lack of specificity is fatal to her claims.

As a general rule, courts should construe *pro se* pleadings and § 2255 motions liberally. *See Saunders v. United States*, 236 F.3d 950, 953 (8th Cir. 2001). However, if a § 2255 motion "lacks sufficient specificity under even the most liberal pleading requirements," the movant is entitled to no relief. *See id.* (internal quotation marks and citation omitted). This is so because without such specificity – including details about what witnesses should have been called and what they would have testified to – a court cannot determine whether counsel's performance was deficient under the Sixth Amendment, or whether counsel's deficient performance prejudiced the defense. *See id.* at 952-53; *see also Delgado*

*v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) ("Because Delgado made no showing of what other witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result, he has failed to prove either that counsel's assistance was ineffective, . . . or prejudice . . . .").

Here, because Hayes has failed to provide any detail about what defenses counsel should have raised, or what witnesses, evidence, or statements counsel should have excluded, I cannot determine whether counsel's performance was deficient or what effect his allegedly deficient performance had on her trial. Accordingly, her vague and conclusory claims of ineffective assistance of counsel do not entitle her to any relief. *See Saunders*, 236 F.3d at 953; *Delgado*, 162 F.3d at 983.

Hayes next raises several challenges to the restitution order, including that it is unreasonable and lacks a sufficient evidentiary basis; that she should not be liable for the full amount because she played only a small role in the conspiracy; and that I failed to take into account her ability to pay it. Even when viewed in the context of an ineffective assistance of counsel claim, these claims fail, however, because any motion to challenge the order or amount of restitution would have been unsuccessful.

To begin with, aside from Hayes' conclusory allegations, there is no evidence to support her argument that the amount of restitution was unreasonable or based on insufficient evidence.  Indeed, Hayes' co-defendant Silvers raised a similar issue on appeal  – challenging Judge Limbaugh's determination that the total loss amount to Missouri Medicaid from the defendants' conspiracy was $545,713  – and the Eighth Circuit determined that there was a sufficient evidentiary basis for that amount.  *See Hayes*, 574 F.3d at 482-84.  Specifically, the court reviewed the evidence before the district court, including the testimony of a Federal Bureau of Investigation agent who had investigated the conspiracy.  *Id.* at 483.  This agent testified that, in order to calculate the total loss to Missouri Medicaid since August of 2001, he:

> (1) identified all the clients that had either received questionable services, had received no services, or had received services from aides who had not been trained properly and we identified about $1.7 million dollars . . . ;
> 
> (2) refined that amount by going only to the clients where trial testimony was given about either that client or about individual time sheets regarding that client and we came up with a new total of $977,665 . . . ;
> 
> (3) took 50 percent of that total, basically giving the defendants the benefit of the doubt that some services had been provided and came up with [$]488,825, paid by Missouri Medicaid for those clients . . . ; and
> 
> (4) added in $56,885.26 which was the amount of the overpayment to Complete Care by Missouri Medicaid and when we added that to the $488,825, we got a total of $545,773 as our estimated loss.

*Id.* (internal quotation marks, citations, and alterations omitted). Upon review, the Eighth Circuit held that the district court's calculation of the total amount of loss as $545,713 based on this evidence was reasonable. *See id.* at 484 ("We conclude that the district court properly calculated a reasonable estimate of the loss based on a preponderance of the evidence.") (internal quotation marks and citation omitted). Given the Eighth Circuit's determination that the district court did not err in calculating the total loss to Missouri Medicaid at $545,713, any challenge by counsel to restitution in that amount would have failed. Moreover, the evidence at trial revealed that Hayes had been involved with the conspiracy since before Complete Care was created in 1999, so there is no basis for me to conclude that she should not be liable for the full amount of losses calculated since August of 2001.

Hayes next argues that she only played a small role in the conspiracy and so should not be jointly and severally liable for the full amount of Missouri Medicaid's losses. This is simply incorrect. As discussed by the Eighth Circuit in Hayes' direct appeal, the evidence at trial revealed that Hayes was listed as Complete Care's vice-president in Complete Care's proposal to Missouri Medicaid, and was a supervisor at Complete Care responsible for receiving time sheets and billing. *Hayes*, 574 F.3d at 478. The evidence also revealed that Hayes managed Complete Care employees such as Ruth Buchanan and Earlean Hopson

by reviewing their time sheets and ensuring that both signed off for work they did not really do or for which they were ineligible for Medicaid reimbursement. *Id.* Moreover, contrary to Hayes' assertions, the Eighth Circuit did not reverse her sentencing enhancement for her supervisory role – instead, it concluded the district court did not err by imposing it. *Id.* Based on this overwhelming evidence of Hayes' active and supervisory involvement in the conspiracy, I cannot conclude that the district court erred by ordering Hayes to pay as restitution the total amount of loss to Missouri Medicaid. *See United States v. DeRosier*, 501 F3d 888, 897 (8th Cir. 2007) ("We have consistently held that restitution may be ordered for criminal conduct that is part of a broad scheme to defraud, even if the defendant is not convicted for each fraudulent act in the scheme.").

Finally, Hayes asserts that counsel erred by failing to challenge the amount of restitution based on her inability to pay it. In cases such as this, however, where the amount of restitution is mandatory and set by pursuant to the Mandatory Victims Restitution Act (MVRA), restitution shall be imposed "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A); *see also United States v. Miller*, 719 F.3d 791, 794 (8th Cir. 2005). Here, consistent with the MVRA, I imposed restitution without regard to Hayes'

ability to pay. Accordingly, her claim that I erred by failing to consider her ability to pay must fail.[2]

Because none of Hayes' challenges to the amount of restitution has any merit, counsel was not ineffective for failing to raise them. *See, e.g., Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (as a matter of law, counsel cannot be ineffective for failing to raise a meritless argument). Accordingly, the record affirmatively refutes all of her § 2255 grounds for relief, and her motion must be denied.

## Certificate of Appealability

As Hayes has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).

Accordingly,

---

[2] Under the MVRA, an offender's ability to pay is relevant "only in determining whether restitution should be paid by lump sum, a schedule of payments, or nominal payments." *United States v. Gray*, 175 F.3d 617, 617-18 (8th Cir. 1999). In her motion, however, Hayes only challenges the entry of restitution in the full amount, not the schedule of payments. Moreover, the judgment entered in this case proved for a payment schedule if Hayes is unable to pay the full amount of restitution.

**IT IS HEREBY ORDERED** that Chante Hayes' motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Hayes has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                 _____
                                                 CATHERINE D. PERRY
                                                 UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2011.